# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| TAVORIS L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV420-089 |
| | ) |
| SHERIFF JOHN T. WILCHER, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Chatham County Detention Center, has submitted a 42 U.S.C. § 1983 Complaint challenging the conditions of his confinement and prison policies related to the current COVID-19 pandemic. Doc. 1. He seeks to proceed *in forma pauperis* (IFP). Doc. 2. As plaintiff has on three prior instances filed meritless actions while proceeding IFP, this clam should be **DISMISSED**.[1]

---

[1] The Complaint inaccurately reflects plaintiff's history of litigation before the federal courts. When asked to list any prior lawsuits brought while incarcerated, he lists two defendants. Doc. 1 at 2. The Court has, however, identified six cases brought by plaintiff prior to this action: CV415-095 (*Johnson v.* Fogel), CV415-131 (Johnson v. Raines), CV415-237 (*Johnson v. Fogel, et al.*), CV416-036 (*Johnson v. Harris, et al.*), CV417-181 (*Johnson, et al. v. Wilcher*), and CV417-192 (*Johnson v. Wilcher*). In the Complaint, plaintiff also inaccurately claimed that none of these cases were dismissed, after being allowed to proceed *in forma pauperis*, for being frivolous, being malicious, or failing to state a claim. Doc. 1 at 3. The Court has identified at least three instances in which cases were so dismissed. CV415-095, CV415-131, and CV 417-192.

Under the Prison Litigation Reform Act (PLRA), an indigent prisoner is barred from proceeding IPF after filing three meritless actions. 28 U.S.C. § 1915(g). The provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has filed several prior cases with this Court; of which, three qualify as strikes under § 1915(g): CV415-095 (*Johnson v. Fogel*), CV415-131 (*Johnson v. Raines*); and CV 417-192 (*Johnson v. Wilcher*).

In *Johnson v. Fogel*, plaintiff brought a 42 U.S.C. § 1983 action against his public defender seeking a full acquittal of his criminal charges. CV415-095, doc. 1. This Court dismissed the Complaint as frivolous on multiple grounds. First, plaintiff sought injunctive relief—the dismissal of state criminal charges—that was unavailable through § 1983. CV415-095, doc. 6 at 2–3. Second, the relief sought was dependent on the

improper incursion of the federal courts into a state criminal action. *Id.* at 3–4. Third, as his public defender was not acting under the color of state law, she was not a proper party to a § 1983 action. *Id.* at 4. As the Complaint was "patent[ly] baseless," *id.* at 4, it was dismissed with prejudice. CV415-095, doc. 8.

In *Johnson v. Raines*, plaintiff brought another § 1983 claim against a different public defender in a state criminal court proceeding, alleging that the attorney failed to seek a speedy trial. CV415-131, doc. 1. This case suffered the same defect as his other § 1983 claim, as a public defender is not subject to suit under § 1983. CV415-131, doc. 6 at 2. The Court dismissed the claim with prejudice for failure to state a claim upon which relief could be granted. CV415-131, doc. 9.

Plaintiff also joined several other inmates in bringing an action against Sheriff John Wilcher, challenging a policy decision to not evacuate the Chatham County Detention Center during Hurricane Irma. CV417-181, doc. 1. Following the issuance of the magistrate judge's recommendation that the case should be dismissed because PLRA prohibits mutli-plaintiff litigation, CV417-181, doc. 3, plaintiff filed a separate action to pursue the claim as a sole plaintiff. CV417-192, doc. 1.

This claim was ultimately dismissed with prejudice, as the Court found that plaintiff failed to allege a viable Constitutional violation. CV417-181, doc. 10 (adopting Report and Recommendation, CV417-192, doc. 8). As plaintiff has accumulated three strikes under § 1915(g), he is barred from bringing further claims IFP.

PLRA does provide an exception to this restriction if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To qualify for the exception, a plaintiff must allege more than a speculative or generalized risk. *See Sutton v. Dist. Atty's Office*, 334 F. App'x. 278, 279 (11th Cir. 2009) (general assertions of risk are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal quotation omitted)); *see also Abdullah v. Migoya*, 955 F.Supp.2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed."). Though plaintiff has alleged that prison policies place him at risk of contracting COVID-19, which has the potential

of being fatal, he has not met the high bar of claiming "imminent danger of serious physical injury."

Plaintiff alleges that by allowing prison staff to enter and exit the facility, rather than being housed on the premises, Sheriff Wilcher knowingly placed inmates in danger of being exposed to the novel coronavirus.  Doc. 1 at 5.  He further alleges that his risk of contracting the virus was heightened by his proximity to other inmates that have tested positive for the disease and the failure of the Sheriff to provide masks, gloves, disinfecting products.  *Id*.  These allegations fall short of claiming that plaintiff suffers from a specific and particularized risk of imminent physical harm.  *See Littlejohn v. Whitmer*, 2020 WL 1685310, at * 3 (W.D. Mich. April 7, 2020) (plaintiff failed to allege imminent danger where the conditions of confinement did not place him in any greater risk than the general public).

As plaintiff has failed to allege an "imminent danger of serious physical injury," his motion to proceed IFP should be **DENIED**.  Having filed three meritless claims, plaintiff "must pay the full filing fee at the time he initiates suit" in order to bring future cases before the Court.  Therefore, it is **RECOMMENDED** that the Complaint be **DISMISSED**

**without prejudice**, barring remittance of the $400.00 filing fee.  As the Court recommends the dismissal of this case, plaintiff's motion for appointment of counsel is **DENIED**.  Doc. 3.

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. §636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**,

this 28th day of April, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA