# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| TAVORIS L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CV420-089 |
| | ) |
| SHERIFF JOHN T. WILCHER, | ) |
| | ) |
| Defendant. | ) |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

The Court previously entered a Report and Recommendation (R&R) that recommended the denial of plaintiff's application to proceed *in forma pauperis* (IFP) and the dismissal of his complaint. Doc. 4. Plaintiff has filed an objection to the R&R, doc. 6, and a motion to amend his complaint, doc. 7.[1] Defendant has also filed a response to the objection. Doc. 8. To

---

[1] Plaintiff's objection does not identify any error in the Court's R&R, but rather advises of his intention to amend his complaint. *See* doc. 6. As the plaintiff is proceeding *pro se*, the Court will adopt a liberal reading of the objection as incorporating the arguments raised in the motion to amend. *See Faulk v. City of Orlando*, 731 F.2d 787, 790 (11th Cir. 1984) (determining that for purposes of sufficiency review, the *pro se* petitioner's complaint encompassed the initial submission and subsequent efforts to amend complaint, consistent with the "established rule of liberal construction for *pro se* pleadings").

the extent that Plaintiff has raised new arguments or information, the Court supplements its R&R. As plaintiff's objection and proposed amendments do not alter the prior analysis, however, the Court **RECOMMENDS** that plaintiff's motions to amend and to proceed IFP be **DENIED** and that the case be **DISMISSED**.[2]

Through its R&R, the Court recommended that plaintiff's motion to proceed IFP be denied because he had accumulated three strikes under 28 U.S.C. § 1915(g). *See* doc. 4. The provision provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The R&R identified three cases as qualifying under the statute as strikes: CV415-095 (Johnson v. Fogel), CV415-131 (Johnson

---

[2] Pursuant to 28 U.S.C. §1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B).

v. Raines); and CV 417-192 (Johnson v. Wilcher).³  *See* doc. 4 at 2–4 (discussing these cases).  Plaintiff has now conceded the existence of these cases.⁴  Doc. 7 at 4–5.

As he has not objected to the Court's classification of the prior cases as meritless or frivolous, plaintiff's only avenue to proceed IFP is to allege that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  In order to satisfy this exception, he must allege and provide specific facts of a present threat to his health or safety.  *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (an imminent danger of serious physical injury must exist at the time the complaint is filed); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g).").  Plaintiff has not met this burden.

The proposed amendment offers no factual support for his claim, only a conclusory statement that he is "in imminent danger and [fears]

---

³ The Court incorporates into this Order by reference its prior discussion and analysis of these cases.  *See* doc. 4 at 2–4.

⁴ Plaintiff seems to be operating from the misconception that his failure to disclose his prior cases contributed to the Court's recommendation.  *See* doc. 6.  Though his failure to fully and truthfully provide the information in his pleadings might constitute perjury or violate Fed. R. Civ. P. 11, it was not ultimately relevant to the determination that plaintiff is barred from proceeding IFP by § 1915(g).

severely for [his] health and life while being detained . . . during the [COVID-19 (coronavirus)] national epidemic." Doc. 7 at 7. Such "general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Brown*, 387 F.3d at 1350 (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Plaintiff's fears that he might contract the coronavirus are too speculative. *See O'Connor v. Suwannee Correctional Inst.*, 649 F. App'x. 802 (11th Cir. 2016) (fear that surgery would be postponed or that symptoms might lead to cancer was too speculative to be an imminent danger). Though plaintiff has alleged that prison policies might allow for the transmission of the coronavirus, he has not suggested that his contracting COVID-19 and suffering serious effects is imminent. *But cf Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (risk of contracting serious disease and infection was an imminent threat of serious physical injury when plaintiff suffered from HIV and hepatitis). As plaintiff has failed to allege an imminent threat of physical injury, he cannot escape § 1915(g).

Given that plaintiff has three strikes and has not alleged imminent danger of serious physical injury, his application to proceed IFP should be **DENIED** and his complaint **DISMISSED**.5  As plaintiff's motion to amend cannot salvage his claim, it should be **DENIED** as frivolous.  *See Smith v. Hildebrand*, 244 F. App'x. 288, 290 (11th Cir. 2007) ("A court is not required to permit a plaintiff to amend her pleadings where amendment would be futile. (citing *Corsello v. Lincare*, 428 F.3d 1008, 1014–15 (11th Cir. 2005)).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

---

5 Should plaintiff still wish to advance his claim, he must file a new case and pay to required filing fee.  *See Dupree v. Palmeri*, 284 F.3d 1234, 1236 (11th Cir. 2002) (when IFP is denied pursuant to § 1915(g), "[t]he prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.").

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 4rd day of June, 2020.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA