IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

TAVORIS L. JOHNSON,

    Plaintiff,

v.

SHERIFF JOHN T. WILCHER,

    Defendant.

CIVIL ACTION NO.: 4:20-cv-089

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's June 4, 2020, Supplemental Report and Recommendation, (doc. 9), to which Plaintiff has not filed an objection. The Court, therefore, **ADOPTS** the Report and Recommendation, (doc. 4), and the Supplemental Report and Recommendation, (doc. 9), as its opinion. Plaintiff's motion to proceed in forma pauperis, (doc. 2), is therefore **DENIED** and the Complaint, (doc. 1), is **DISMISSED**. Plaintiff's motion to amend, (doc. 7), is also **DENIED**.

Pro se plaintiff Tavoris Johnson filed this 42 U.S.C. § 1983 action based on various alleged defects in the Chatham County Detention Center's response to COVID-19. (Doc. 1, pp. 5-6.) A Report and Recommendation was issued in this case on April 28, 2020, recommending dismissal because plaintiff had previously filed at least three meritless actions. (Doc. 4.) In response, plaintiff filed an objection and a motion to amend his complaint. (Docs. 6, 7.) As the objection did not identify any errors in the Report and Recommendation but instead referenced plaintiff's intention to amend his pleadings, (see doc. 6), the Magistrate Judge construed the objection to incorporate the arguments offered in support of the proposed amendment and issued a

Supplemental Report and Recommendation, renewing the recommendation of dismissal.  (Doc. 9.)

Under the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course" prior to service.  Fed. R. Civ. P. 15(a)(1).  If, however, a plaintiff chooses to file a motion to amend rather than filing an amended complaint as a matter of course, the Court may deny the proposed amendment for futility "when the complaint as amended would still be properly dismissed."  Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)).  As noted in the Supplemental Report and Recommendation, the proposed amendment cannot salvage plaintiff's claims.  (Doc. 9, pp. 3–4.)  Having accumulated three strikes under the Prison Litigation Reform Act, plaintiff cannot proceed in forma pauperis absent an allegation that he is "under imminent danger of serious physical injury," 28 U.S.C. § 1915(g), and the allegation must be supported by specific facts of an existing threat to his health and safety.  See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (an imminent danger of serious physical injury must exist at the time the complaint is filed); Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g).").  Though plaintiff does state that the current COVID-19 pandemic places him in "imminent danger" and causes him fear for his "health and life while being detained," (doc. 7, p. 7), his apprehensions are far too speculative to overcome § 1915(g)'s bar against repeated meritless claims.  See Brown, 387 F.3d at 1350 (a "general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury") (internal quotation omitted).  The proposed amendment, therefore, would be futile.

Accordingly, plaintiff's motion to amend is **DENIED**. (Doc. 7). The Court **ADOPTS** the Report and Recommendation, (doc. 4), and Supplemental Report and Recommendation, (doc. 9), as its opinion. Plaintiff's motion to proceed in forma pauperis is **DENIED,** (doc. 2), and the Complaint, (doc. 1), is **DISMISSED**. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

**SO ORDERED**, this 29th day of September, 2020.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA